Mr. Anthony? Thank you, Your Honor. Good morning. Good morning. David Anthony from the Federal Public Defender's Office on behalf of Christopher Deitzen. In Mr. Deitzen's sentencing hearing, there were disputed issues of material fact as to whether he committed another felony offense to justify a four-level enhancement to his sentence. In response, the District Court found that Mr. Deitzen had committed the felony offense of possession of a stolen vehicle under Nevada revised statute section 205.273. At the sentencing hearing, Mr. Deitzen raised a formal objection on the grounds that he didn't know or have reason to know that the car he was in was stolen. In response, the District Court found that Mr. Deitzen Mr. Deitzen raised formal objections on the grounds that he didn't know or have reason to know that the car he was in was stolen. In response, the District Court found    that Mr. Deitzen had been reported stolen two days before Mr. Deitzen had been pulled over in the car. The second police report mentioned the fact that the license plates that were on the car had also been reported stolen. It was based solely upon this   Mr. Deitzen committed a violation of the statute. However, there were good reasons in this case why the court needed to make specific factual findings on the intent element of the statute. Specifically, Mr. Deitzen was found in possession of the car keys, and there was no evidence in this case that the car had been broken into. On the contrary, the police reports that the government has attached as their supplemental excerpts of record state, first of all, that there was no evidence that the car had been broken into. Specifically, the police report says that there was no glass surrounding the area where the car had been stolen. And secondly, the police report says the fact that there were no keys. But it doesn't elaborate on what no keys means, whether or not the keys were left in the vehicle, or whether or not the keys had been taken from the victim. There's absolutely no explanation for how the keys or how the car were taken in this case. It was based solely upon that factual presentation that the district court concluded that Mr. Deitzen violated the statute. However, the district court also noted that the car had only been reported stolen two days earlier. Correct. We had two days between the time it was stolen and the time that Mr. Deitzen is driving it, in which the car needs to be stolen, presumably by someone else, and somehow gotten into Mr. Deitzen's possession without him having any idea that the car could be stolen. Actually, just a minor clarification. The car had been reported stolen two days earlier. However, the police report mentions a period of time before it was reported stolen, where it could actually have been stolen the night before as well. I believe the police report says that November 9th at 10.30 p.m. So it was actually a three-day period where it could have actually been stolen. And it was based solely upon the fact that the car was reported stolen, that the court found that Mr. Deitzen committed the felony offense of possession of a stolen vehicle. In this case, when there's a disputed issue of fact on such an important element, the court should have been obligated to make specific factual findings as to that element. Did Mr. Deitzen make any statements that are reported in the police reports that would reflect one way or the other on the knowledge or intent issue? The government argues on appeal. The only thing that they can point to is in the pre-sentence report. I believe it's at page 4. They talk about that Mr. Deitzen made a statement to the police that he had received possession of the car from an individual named Nadine who had loaned it to him, and that he had only known this individual for a couple days and he didn't know her last name. Besides that minor statement in the pre-sentence report, there's been absolutely no proof as to how the vehicle was stolen or as to how Mr. Deitzen came into possession of the vehicle. And it was based solely upon that evidence that the court concluded that Mr. Deitzen violated the statute. Mr. Deitzen would submit that the court was obligated in this factual circumstance to make a specific finding as to that element of the offense since it was hotly disputed at the sentencing hearing. Furthermore, the government produced insufficient proof at the hearing below to show that the offense had been committed by a preponderance of the evidence. Besides the fact that the car was stolen, the government argues that this Court should infer that he had reason to know the car was stolen because of his statement about receiving the car from an individual named Nadine whose last name he didn't know. But there's no reason for this Court to make that inference. Just because Nadine isn't the rightful owner of the car doesn't mean that Mr. Deitzen's account of how he received possession of the car is inaccurate. The government, again, never put forward any proof to show how the car was stolen or how he came into possession of the car. It's not a huge leap to say that if a car has been stolen two to three days before you come into possession of it, and if you've offered to the police an explanation which on its face doesn't sound very persuasive, that is that someone whose last name I don't know gave me this car, that you couldn't take the next step of saying, you know, Mr. Deitzen, you may or may not have stolen this, but you certainly had reason to believe that this car was not yours, was not Nadine's. I don't. First of all, the fact that the car wasn't Nadine's doesn't necessarily mean that he didn't receive the car from an individual named Nadine, even if she wasn't the rightful owner. I would submit that based on those facts, I don't believe those facts rise to the level where we could infer that he had reason to know that the car was stolen by a preponderance of the evidence. The only remaining argument that the government puts before the Court is that Mr. Deitzen was in the presence of the police and he ran a red light, and they want this Court to infer that he had reason to know the car was stolen because he had ran through the red light when he saw the police. But there's no reason, again, for this Court to make that inference either. Mr. Deitzen could have been nervous and ran through the red light because he was in the presence of a police car, or he could have ran the red light and been nervous because he was in the presence of police and he had two guns in the car and he was an ex-felon. I thought they testified that he was moving, wasn't he moving the gun? He had the Derringer in front and he had the automatic in the trunk. There wasn't any testimony. That was the argument that the government was making, was that he was moving one of the guns and had put it under the passenger seat of the car. And simply missed the light and thus ran the light. Exactly. Which would go to the issue of whether or not there was a connection between the possession of a weapon and the possession of a stolen vehicle. But it doesn't answer the underlying question of whether or not he actually committed all the elements of the felony offense to merit the sentence enhancement. Mr. Anthony, you've made two different arguments. One, that the district court should have made factual findings, and the second, that there was insufficient evidence to show. I understand if I'm correct, if we were to adopt your second argument, that would require just an outright reversal of the sentence, of the sentence enhancement. Exactly. The first one would require, I presume, a remand to the district court for the entry of factual findings. Exactly. But based on the second argument, there would be no reason to do a remand based on the fact that the government produced insufficient evidence. Save the time for rebuttal? Yes, please. Thank you, counsel, for your argument. Mr. Quarles. Good morning, Your Honor. Good morning. May it please the Court, Brian Quarles for the United States of America. The district court's decision to apply the four-level enhancement to appellant sentence should be affirmed because there was sufficient evidence to support the court's finding that appellant's possession of this firearm potentially emboldened his possession, unlawfully, of the stolen car. Regarding the sufficient evidence that establishes this connection between possession of the gun and this felony offense of stealing the car, I would first point to court that when the defendant was apprehended, he was apprehended while driving the stolen car, a significant fact that this court took into account in United States v. Polanco, a case authored by, Your Honor, Judge Hawkins. Another fact was that the car was reported stolen two days prior with license plates that had been reported stolen just the previous day. In addition, the appellant did mention he had borrowed the car from Nadine, yet he did not recall Nadine's last name. In addition, Nadine was neither the registered owner of the car or the license plates. Finally, the defendant demonstrated a consciousness of guilt. He admitted when the police arrived on the scene he became nervous and he hid the gun on the front passenger seat. Could he have been nervous about the gun? He could have, Your Honor, but also he created a reasonable inference that he was hiding the gun because he recognized the police would stop the car and discover that both the car and the license plates had been reported stolen. Indeed, factual patterns similar to the one in this case had been upheld by this court, which also supports the district court's finding. Specifically, in the case of United States v. Rutan, the defendant's sentence was enhanced for the same reasons that are being challenged in this case on the sentencing guidelines and for the same offense, possession of a stolen car. In that case, the court looked at essentially two important factors, that the defendant was apprehended while driving the stolen car and the proximity of the gun that enabled or emboldened him to maintain the car. In that case, the gun was recovered in the car's console compartment. Similarly, as I referenced the case of United States v. Polanco, in that case, again, the court upheld that the defendant, that the gun emboldened the defendant to continue in his drug-selling activities. What's important, in particular about the Polanco case, is that the defendant there was not arrested inside of the car, but he was outside of the car selling marijuana. Yet nearby was the vehicle and a gun was wedged between the driver's seat and the center console. There was evidence presented that the defendant had been seen driving the car regularly. Is the standard should have known? The standard regarding the stolen car, Your Honor? Yes. Is whether he knew or had reason to believe the car was stolen. And again, I would submit that the facts that are outlined in the brief strongly support that he knew or had reason to know. More importantly, perhaps, is that it also created an inference that his possession of that gun potentially emboldened him to maintain possession of the stolen car. Again, the facts here are more compelling than those in Rutan and Polanco. Here, the defendant was arrested while driving a stolen car. The car had been reported stolen only two days earlier, not two months, as was in the Rutan decision. The gun was readily accessible. It was on the front passenger floorboard, providing him a means of protection and intimidation to maintain the stolen car. I'm sorry. Counsel, should the district court have made more specific findings than it made? No, Your Honor, because I would submit that the facts that were presented are sufficient to support the court's findings. Further, I would remind the court respectfully that this court can affirm the district court's sentencing decision on any basis supported by the record. And there are a plethora of facts that support. You'd like us to affirm on the grounds of the drug paraphernalia that's found in the trunk? Well, Your Honor, that's certainly an alternative. Did you argue that to the district court? I did not specifically argue that to the district court, Your Honor. However, the court made, in essence, an inference of that, because the court recognized that there were these precursor chemicals in the trunk in a gun, and the court made a reference that there's a marriage between or an intermingling between drugs and guns, which also supported an inference that he had committed this additional felony. So I would submit that that was included, if you will, as part of the court's rationale in deciding that this enhancement was proper. And again, I would urge the court to affirm the district court's decision if there are no further questions. I don't see any. Thank you, counsel, for your argument. Mr. Anthony, rebuttal? I'd like to briefly address the government's argument about the Roughton and the Polanco cases. Both of those cases were cases where the underlying felony had been conceded, and the only question was whether or not there was a connection between the weapons offense and the underlying felony. So I'd like to point out that factual distinction. In this case, we specifically have a challenge to whether or not there was sufficient evidence to support or support the inference that he committed the underlying felony. I'd also like to just briefly address the government's alternative argument about based on the drug, the objects that were in the trunk. Specifically, even the cases that the government cites would concede that the record was insufficient to make such an inference, so at the very least there would have to be a remand for further proceedings. But there wouldn't need to be a remand for further proceedings because, again, the government has failed on its burden of proof on this issue. The government never argued below which objects in the trunk it considered to be drug paraphernalia. To have a conviction under the statute, you would have to show that the objects were drug paraphernalia under Nevada revised statute section 453.554, and the government never made any showing of what objects it considered to be drug paraphernalia. More importantly, to violate the statute, there are two ways that you could do so. You could have manufacture with the intent to deliver or sell drug paraphernalia, or you could have possession with the intent to deliver or sell drug paraphernalia. First of all, there's no question in this case there's no evidence of manufacture. Nothing had been manufactured. So all we're looking at here is whether or not there was a possession with the intent to deliver or sell drug paraphernalia. Mr. Anthony, I have one more question before you finish. Did you object to the fact that the district court didn't make findings of fact on this? I believe that there was a formal objection raised as to the lack of the intent element for the vehicle, for the stolen vehicle offense, but we didn't – there was no follow-up objection raised afterwards as to the inadequacy of the court's, you know, its rationale. Are we here on plain error review? No, I wouldn't argue no, because a formal objection was raised based on the lack of evidence on the intent element. Thank you. You didn't raise the guideline before the district court, Section 6A1.3b? That specific guideline provision was not brought to the court's attention in the hearing below. Can we get to that by plain error? I argue yes, that we certainly could. Based on the insufficiency of the court's findings in this case, there were no findings as to the material elements that were in dispute in this case. Okay. Thank you for your argument. Thank both sides for their argument. The case just argued will be submitted for decision, and the Court stands adjourned. Thank you.
judges: Lay , Hawkins, Bybee